IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christine M. Bucia, | ) | Civil Action No. 2:16-3401-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Wal-Mart Stores East, LP and | ) | |
| Wal-Mart Stores, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant's motion for summary judgment. (Dkt. No. 37.) For the reasons set forth below, the motion is granted.

I. **Background**

In this trip-and-fall negligence claim, Plaintiff alleges that she was caused physical injury when she "stepped on mulch in the parking lot" of a Charleston Wal-Mart store in December 2013 and that Defendant is liable for her injury as the premises keeper. (Dkt. No. 1 ¶¶ 5, 7, 15.)

II. **Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

Under South Carolina law, a plaintiff claiming negligence must demonstrate: (1) a duty of care owed to the plaintiff by the defendant, (2) a breach of that duty by some act or omission, and (3) that the plaintiff suffered damages as a proximate result of the breach. *See, e.g., Staples v. Duell*, 494 S.E.2d 639, 641 (S.C. Ct. App. 1997). "In order for liability to attach based on a theory of negligence, the parties must have a relationship recognized by law as providing the foundation for a duty to prevent an injury." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 644 S.E.2d 43, 46 (S.C. 2007). Where the relationship is one of merchant and customer, it is well-established that a merchant owes its customers only a duty to use ordinary care to keep its premises in a reasonably safe condition. *See Garvin v. Bi-Lo, Inc.*, 541 S.E.2d 831, 832 (S.C. 2001); *Cook v. Food Lion Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). Meaning, a merchant is not an insurer of its patrons' safety and is not required to maintain the premises in such a condition that no accident could happen to a patron using the premises. *See*

*Norris v. Wal-Mart Stores East, L.P.*, No. 1:12-02592-JMC, 2014 WL 496010 (D.S.C. 2014); *Pennington v. Zayre Corp.*, 165 S.E.2d 695, 696 (S.C. 1969).

"To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Garvin*, 541 S.E.2d at 832. A "defendant will be charged with constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care; conversely, absent evidence of such preexistence, the defendant may not be so charged." *Olson v. Faculty House of Carolina, Inc.*, 544 S.E.2d 38, 44-45 (S.C. Ct. App. 2001) *aff'd*, 580 S.E.2d 440 (S.C. 2003). "The mere fact that the substance was on the floor is insufficient standing alone to charge the storekeeper with negligence." *Wintersteen v. Food Lion, Inc.*, 518 S.E.2d 828, 830 (S.C. Ct. App. 1999) (internal citations omitted), *aff'd*, 542 S.E.2d 728 (S.C. 2001).

In her briefing, Plaintiff argues that the hazardous condition was "the insufficient lighting condition" or "insufficient illumination" of the parking lot. (Dkt. No. 38 at 2-3.) But in her Complaint, Plaintiff alleges that "the mulch constituted an unsafe and/or dangerous condition" and makes no mention of the parking lot's lighting conditions. (Dkt. No. 1 ¶ 8.) Plaintiff also testified that what "caused [her] to fall" was a "piece of mulch."[1] (Dkt. No. 37-2 at 2.) Whether

---

[1] The Court takes notice that the piece of mulch was shorter than the length of a pen (Dkt. No. 37-3) and not "a huge piece of mulch," as Plaintiff testified in her deposition (Dkt. No. 38-4). *See Hindman v. Greenville Hosp. Sys.*, 947 F. Supp. 215, 223 (D.S.C. 1996) ("[U]ncorroborated and self-serving testimony, however, cannot give rise to a genuine factual dispute."); *see also Wilson v. Wal-Mart, Inc.*, CV 3:15-1157-JFA, 2016 WL 3086929, at *3-4 (D.S.C. June 2, 2016), *appeal dismissed sub nom.*, *Bobby Wilson v. Wal-Mart, Inc.* (July 8, 2016) (granting defendant summary judgment because "[video surveillance], standing alone, is insufficient to charge

the hazard is a piece of mulch or dim lighting, there is insufficient evidence from which a reasonable jury could find that Defendant created or was aware of the hazard and failed to remedy it.

For example, there is no evidence that Wal-Mart or its agents were aware of this piece of mulch in the parking lot and nonetheless failed to remove it. (Dkt. No. 37-2 at 5) ("Q: Do you think anybody from Walmart knew that, that piece [of mulch] was there?" A: I don't know. Q: Do you know whether anybody had complained about the mulch in the parking lot before you fell? A: I don't."). *See Nolan v. Seawatch Plantation Master Ass'n. Inc.*, 2011 WL 5878137, at *1 (D.S.C. Nov. 23, 2011) (noting that "the mere fact that the [hazard] was located on the floor" did not establish negligence). To the extent Plaintiff contends that Defendant had knowledge of this piece of mulch because a landscaped island was nearby, the argument amounts only to mere speculation. *See Pennington v. Zayre Corp.*, 165 S.E.2d 695, 696 (S.C. 1969) (rejecting argument that defendant had notice of slippery plastic bag on the floor because other plastic bags had been on the floor). Similarly, even if the parking lot were dimly lit such that it posed a hazard, Plaintiff testified that she "could see where [she] was going" and was "able to see the ground." (Dkt. No. 37-2 at 3.)

In sum, the evidence is insufficient as a matter of law to demonstrate that Wal-Mart's specific conduct created the hazard, or that Wal-Mart had actual or constructive notice of the hazard and nevertheless failed to remedy it. *See Young v. Meeting Street Piggly Wiggly*, 343 S.E.2d 636, 638 (S.C. Ct. App. 1986) ("Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from [someone]. Thousands of

---

Defendant with constructive knowledge of the substance, particularly given the small size of the substance").

accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured.").

## IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 20, 2018
Charleston, South Carolina